**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**KEITH ARRICK, SR.,**

    **Plaintiff,**

**v.**                                                  **Civ. Action No. 1:17-CV-131**
                                                                          **(Judge Kleeh)**

**FEDERAL BUREAU OF PRISONS,
C.O. JENNIFER THAYER,
C.O. HELEN HANDLIN,
UNITED STATES OF AMERICA,
BUCHANAN, Corrections Officer,
C.O. KNOTTS, and
UNKNOWN CORRECTIONS OFFICERS,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 91], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 99],
AND GRANTING DEFENDANTS' MOTION [ECF NO. 58]**

On August 23, 2018, the pro se Plaintiff, Keith Arrick, Sr. ("Plaintiff"), filed an Amended Bivens[1] Complaint in this case. ECF No. 26. Plaintiff argues that the Defendants[2] violated his rights under the Eighth Amendment to the United States Constitution.[3]

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
[2] The named defendants in this action are the Federal Bureau of Prisons, C.O. Jennifer Thayer, C.O. Helen Handlin, the United States of America, Buchanan (Corrections Officer), C.O. Knotts, and Unknown Corrections Officers.
[3] Plaintiff argues that the constitutional violations stemmed from the following: failure to protect, deliberate indifference, racial and other discrimination, loss of personal property, denial of visitors, and denial of the opportunity for employment.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 91], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 99], AND GRANTING DEFENDANTS' MOTION [ECF NO. 58]**

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. The Defendants filed a Motion to Dismiss or, Alternatively, for Summary Judgment. ECF No. 58. The Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court grant the Government's Motion and deny and dismiss the Complaint with prejudice.

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." After the Court granted an extension, Plaintiff filed Objections on February 21, 2020. ECF No. 99.

I. **STANDARD OF REVIEW**

Under the Local Rules of Prisoner Litigation Procedure, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of

**ARRICK V. SAAD** 1:17-CV-131

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 91], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 99], AND GRANTING DEFENDANTS' MOTION [ECF NO. 58]**

the magistrate judge's recommended disposition." LR PL P 12(a). When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any **specific error** by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)). This Court, in Arbogast v. Minnix, wrote the following about the specificity of objections:

> Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766

**ARRICK V. SAAD**  1:17-CV-131

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 91], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 99], AND GRANTING DEFENDANTS' MOTION [ECF NO. 58]**

> (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations ... and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766.

No. 3:18-CV-168, 2019 WL 2110521, at *1 (N.D.W. Va. May 14, 2019). Rather, a pro se plaintiff's specific objection must "direct the court to a **specific error** in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added).

## II. ANALYSIS & CONCLUSION

Although Plaintiff filed objections, he did not, as the Defendants point out, "identify each portion of the magistrate judge's recommended disposition that is being challenged" and did not "specify the basis for each objection." Plaintiff makes broad assertions about case law and legal standards that apply to his case. He writes that the staff at Hazelton has implemented a systemic policy to inflict harm upon a certain class of inmates based on the crimes they committed. His objections do not "direct the court to a specific error in the magistrate's proposed findings and recommendations." See Orpiano, 687 F.2d at 47. Therefore, the Court is under no obligation to conduct a de novo review.

**ARRICK V. SAAD**                                                    **1:17-CV-131**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 91], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 99], AND GRANTING DEFENDANTS' MOTION [ECF NO. 58]**

Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 91]. The Government's Motion to Dismiss [ECF No. 58] is **GRANTED**. The pending motion for an extension of time to respond to the Defendants' reply [ECF No. 90] is **DENIED**, given that surreplies are not permitted under Rule 11(d) of the Local Rules of Prisoner Litigation Procedure. The Court also **DENIES** Plaintiff's motion for an extension at ECF No. 105.[4] The Complaint is **DENIED AND DISMISSED WITH PREJUDICE**. This action is **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record and to the pro se Plaintiff, via certified mail, return receipt requested, at the last known address as shown on the docket.

DATED: March 26, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

[4] While it is unclear what the purpose of Plaintiff's requested extension is, Plaintiff is not entitled to file a surreply to a motion. He is also not entitled to file a reply to a response that addressed an objection to the R&R. See ECF No. 103.